*E-Filed 11/30/10*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTOR SANDOVAL, | No. C 09-5427 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| A. HEDGPETH, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants move to dismiss the action on grounds that it is barred by a prior invalidation rule. For the reasons discussed herein, defendants' motion is GRANTED, and the action DISMISSED.

## BACKGROUND

The following facts are undisputed, unless otherwise noted. A July 2008 search of plaintiff's cell at Salinas Valley State Prison yielded a jar of white powder, which, according to defendants, was methamphetamine, but which plaintiff alleges was baking soda. In August 2008, a prison disciplinary board found plaintiff guilty of forming a conspiracy to

introduce a controlled substance into the prison for purposes of distribution. According to defendants, pursuant to the guilty finding, plaintiff lost 180 days of good time credits, and some privileges. Plaintiff alleges that in addition to the loss of good time credits, he received 15 months of detention in the secured housing unit, and a loss of visiting privileges. In response to the verdict and sentence, plaintiff pursued administrative remedies, and filed state court actions, none of which resulted in the relief plaintiff sought. This federal civil rights action followed. Here, plaintiff alleges that defendants violated his due process rights.

## DISCUSSION

In order to recover on claims for monetary and equitable relief for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). *Heck*'s bar is broad. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Applying this law to the instant action, plaintiff's complaint is barred by *Heck*. First, it is undisputed that if the requested relief were granted — a court order invalidating the disciplinary verdict that deprived plaintiff of good time credits — it would necessarily demonstrate the invalidity of the duration of his confinement. Second, plaintiff has not shown that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. The action, then, is the sort

of action *Heck* bars.  Accordingly, defendants' motion to dismiss (Docket No. 19) is GRANTED, and the action DISMISSED.  The Clerk shall enter judgment in favor of defendants, and close the file.  This order terminates Docket No. 19.

**IT IS SO ORDERED**.

DATED:  November 30, 2010

_____
RICHARD SEEBORG
United States District Judge